**Anthony MCFARLAND,**
**Plaintiff–Appellant,**

v.

**TRICAM INDUSTRIES, INC.,**
**Defendant–Appellee.**

No. 15–2308

United States Court of Appeals, Seventh Circuit.

Submitted June 23, 2016 *

Decided June 24, 2016

Anthony McFarland, Chicago, IL, Pro Se.

John P. McCorry, Attorney, McVey & Parsky, Chicago, IL, for Defendant–Appellee.

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the

Before FRANK H. EASTERBROOK, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge, DIANE S. SYKES, Circuit Judge

**ORDER**

Anthony McFarland appeals a judgment following a jury verdict for Tricam Industries, Inc., in his diversity action asserting product-liability claims. McFarland had been using a stepladder manufactured by Tricam that became unhinged and collapsed beneath him, causing severe injuries to his face and neck. We affirm.

One issue that arose before trial was whether McFarland intended to pursue a design or manufacturing-defect theory of liability with regard to the collapsed ladder. He eventually abandoned his manufacturing-defect theory in favor of one asserting defective design. In its final pretrial order, the district court characterized his position: "[T]he [ladder] is defective in design[,] and the defect in design rendered the [ladder] unreasonably dangerous and caused his injury." And at the final pretrial conference, the court confirmed that the case presented "a design defect allegation, but not of manufacture."

During opening statements, however, McFarland's lawyer referred not only to the ladder's defective design but also its defective manufacture. Tricam at the time did not raise any objection, but after the jury had recessed for the day, Tricam objected to the opening statement and argued that McFarland's expert should not be allowed to testify about any potential manufacturing problems. The judge agreed and ruled that McFarland could proceed only on the design-defect theory

briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

that was included in the final pretrial order.

McFarland's expert later took the stand and testified about possible ways that the stepladder's spreader mechanism came disengaged. When the expert appeared to wade into a discussion about a manufacturing defect, Tricam immediately objected. The judge sustained the objection and told the jury that "[t]he issue of a manufacturing defect . . . is not before you."

The jury found in Tricam's favor, and McFarland moved for a new trial on grounds that (1) the judge had improperly excluded the expert's testimony regarding potential manufacturing defects; and (2) Tricam's lawyers undermined the fairness of the trial through "obstructive, unprofessional, and unethical conduct." The district court denied the motion, explaining that McFarland had abandoned his manufacturing-defect theory by failing to include it in the final pretrial order and that he had not been prejudiced by any alleged misconduct on the part of Tricam's lawyers.

On appeal McFarland, now proceeding pro se, recycles his lawyer's argument before the district court that he should have been permitted to pursue a manufacturing-defect theory at trial. But as the court explained, pretrial orders supersede the pleadings and narrow the issues for trial. *See DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 628 (7th Cir. 2013); *Gorlikowski v. Tolbert*, 52 F.3d 1439, 1443–44 (7th Cir. 1995). The district court was not obliged to permit McFarland to pursue a claim he had abandoned because doing so "would undermine the vital function that pretrial conferences and or-

ders serve in conserving judicial resources." *See DeliverMed Holdings*, 734 F.3d at 628–29.

McFarland also continues to press his complaints about the conduct of Tricam's lawyers. He invokes an episode from his cross-examination when one of Tricam's attorneys asked whether he had made "a claim for neck injuries" as a result of two prior car accidents. McFarland's attorney promptly objected, and the judge sustained the objection, warning Tricam's lawyer not to discuss any of McFarland's prior litigation.

But we cannot say that the district court abused its discretion in denying McFarland's motion for a new trial. As the court noted, counsel's fleeting reference to an unspecified "claim for neck injuries" was fairly benign, and the court shut down the impermissible line of questioning before it could do any harm. *See United States v. Olson*, 978 F.2d 1472 (7th Cir. 1992) (finding no prejudice where district court sustained objection to impermissible testimony before witness could answer question); *United States v. Ziperstein*, 601 F.2d 281, 292 (7th Cir. 1979) (same). We have considered the rest of McFarland's contentions and none has merit.

The district court's judgment is AFFIRMED, and Tricam's motion for sanctions is DENIED.